I concur in the main opinion except for several of its aspects. I will explain each of the exceptions.
First, I respectfully dissent from the holding that the defendant was not entitled to a hearing even for the presentation of argument when the case was remanded for re-sentencing in order for the trial court to consider the different way the prior youthful offender adjudications should be considered. Such a remand was doomed to produce precisely what it did produce: minor formalistic redrafting of the re-sentencing order to accomplish the same result in a way that would pass appellate muster without any apparent deference to the substance of the re-sentencing mandate. The trial court simply made as few changes and used as few different words as possible to conform the re-sentencing order to the mandate of the Court of Criminal Appeals and again overrode the recommendation of the jury and sentenced the defendant to death. Ostensibly the purpose of the remand was a matter of substance. Allowing the defendant to present argument would have increased the likelihood of a substantive review of the issue by the trial judge. Therefore the absence of any opportunity for the defendant to present argument would seem to be a denial of due process.
Second, I respectfully dissent from the holding that the trial court did not err in its consideration of the defendant's youthful offender adjudications on remand. No fewer than four times the order calls the adjudications "convictions." It proceeds to consider the "prior circumstances and behavior which gave rise to the youthful convictions in assessing the weight to be afforded this mitigating circumstance." Of course the "prior circumstances and behavior" would be established, at best, only by the "convictions" themselves. The main opinion correctly observes that, "youthful-offender adjudications are not convictions, just as juvenile adjudications are not convictions." 852 So.2d at 824. The adjudications cannot be considered as convictions for the purpose of finding and weighing aggravating and mitigating circumstances. Notwithstanding the disclaimer in the order by the trial court, the repeated use of the term "convictions" is too much evidence that a misapprehension of the nature of youthful offender adjudications affected the trial court in deciding the sentence, to the defendant's prejudice.
In a general sense I am concerned with the reliance on Ex parteBurgess, 811 So.2d 617 (Ala. 2000), to govern the effect of prior juvenile adjudications or prior youthful offender adjudications on the statutory mitigating circumstance of "no significant history of prior criminal activity." Burgess creates practically illusory distinctions between and among (a) considering the prior adjudications to negate the mitigating circumstance (forbidden), (b) considering the prior adjudications merely to reduce the weight of the mitigating circumstance (allowed), and (c) not considering the prior adjudications to reduce the weight too much (forbidden). For this reason, I again suggest the analysis I advanced in my special writing in Burgess:
 "While our society makes many allowances for youthful immaturity, and indeed has devoted a specific statutory mitigating circumstance to youthfulness, § 13A-5-51(7), Ala. Code 1975, the statutory mitigating circumstance of no significant history of prior criminal activity increases in applicability and importance as the age of the defendant increases during the years when the defendant could have incurred adult criminal convictions. *Page 830 
 "Thus in the factual scenario before us — a young capital-murder defendant with a record of prior adjudications of juvenile delinquency — the most accurate analysis and application of the statutory mitigating circumstance of no significant history of prior criminal activity would seem to be, first, that this circumstance is necessarily due only minimal weight for a juvenile tried as an adult, and then only to the extent that the law authorized the transfer or other treatment of juveniles as adults for prosecution before the defendant committed the capital murder being tried; and, second, the weight of this circumstance increases in direct proportion to the age of the defendant over the maximum age for a juvenile. Thus, in the case before us, the circumstance of no significant history of prior criminal activity is necessarily due only minimal weight."
811 So.2d at 630.
Requiring the jury and the trial judge to consider that a juvenile or near-juvenile defendant has "no significant history of prior criminal activity" when he cannot have a legally cognizable history of prior criminal activity probably goads the trial judge, on occasion, into considering, subconsciously and illegally, the juvenile or youthful offender adjudications as aggravating factors and then writing whatever the law requires the judge to write in the sentencing order. We should prevent this problem by declaring that this particular statutory mitigating factor does not apply at all or does not apply with any significant weight to such defendants but rather that it applies to older defendants in direct proportion to their ages.
Finally, I concur only in the result of remanding for the trial judge "to expand his sentencing order to the extent necessary to state specific reasons for giving the jury's recommendation the consideration he gaveit." 852 So.2d at 828. (Emphasis added.) We have not defined what consideration the jury recommendation is due. Our relegating to each individual trial judge the decision of what consideration, if any, is due a jury recommendation of life without parole instead of death is an open invitation for continued disparities in sentencing at the expense of due process of law.